Filed 1/26/24  P. v. Riberal CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>ROCKY RIBERAL,<br><br>　　　　Defendant and Appellant. | C096826<br><br>(Super. Ct. Nos.<br>STK-CR-FE-2013-0005788,<br>SF123374) |

　　　　In 2014, defendant Rocky Riberal was convicted of second degree murder, attempted murder, and conspiracy to commit murder.  (Pen. Code, §§ 187, 664/187, 182, subd. (a).)[1]  In April 2021, defendant filed a petition for resentencing under former

---

[1]　　　　Undesignated statutory references are to the Penal Code.

section 1170.95, now 1172.6.[2]  After appointing counsel and holding an evidentiary hearing, the trial court denied defendant's petition.  On appeal, defendant argues the trial court erred in relying on this court's prior opinion in defendant's original appeal of his underlying convictions.[3]  Defendant also argues the trial court used the wrong standard of proof, the evidence was insufficient to establish defendant's attempted murder conviction, and the trial court erred in refusing to consider defendant's challenge to his conspiracy to commit murder conviction.  We agree that the trial court erred in relying on this court's prior opinion and will remand for a new evidentiary hearing.

### FACTUAL AND PROCEDURAL BACKGROUND

1.  Underlying Crimes

Given the limited record on appeal, we derive the facts of the underlying crimes from this court's prior opinion.  (*People v. Riberal* (Sept. 29, 2020, C077018) [nonpub. opn.].)  Brandon Rocky Riberal (who is defendant's son) and Raymond Valles, along with Vincente Yanez and Carlos Zendejas, drove a Ford Explorer leased by defendant to a local nightclub.  Using firearms supplied by defendant, the men fired multiple rounds at nightclub patrons who were in the parking lot.  One victim was killed, another was grazed by a bullet, and a third victim was unharmed.  A jury found defendant guilty of second degree murder, attempted murder, conspiracy to commit murder, and shooting a firearm from a vehicle.  The jury also found true gang enhancements (§ 186.22, subd. (b)(1)) and firearm enhancements, including that defendant was a principal in the murder

---

[2]  Effective June 30, 2022, the Legislature renumbered former section 1170.95 to section 1172.6.  (Stats. 2022, ch. 58, § 10.)  There were no substantive changes to the statute.  Although defendant filed his petition under former section 1170.95, we will cite to the current section 1172.6 in the remainder of our opinion.

[3]  We grant defendant's request to take judicial notice of the public register of actions from his prior appeal.  (Evid. Code, § 452.)

and that a principal intentionally and personally discharged a firearm causing great bodily injury or death to a victim (§§ 12022.53, subds. (b), (c), (d) & (e)(1), 12022.5).

The trial court sentenced defendant to 82 years to life as follows:  25 years to life for conspiracy to commit murder plus a consecutive term of 25 years to life for the associated firearm enhancement and a consecutive 7-year term for attempted murder plus 25 years to life for the associated firearm enhancement.  The sentences on the remaining counts and allegations were stayed pursuant to section 654.

On appeal, we rejected defendant's argument that there was insufficient evidence of his intent to kill to enable his conviction of attempted murder as an aider and abettor. We noted that there was evidence that defendant provided his son and fellow gang members with the weapons and the rental car that were used in the shooting.  Defendant also let his son know that he was buying and selling guns and ammunition.  The day before the shooting, defendant told his son the code for the safe where he stored the guns, and he let his son know he had bought hollow-point bullets for two of the guns. Defendant also discussed fellow gang members with his son, and he hosted meetings at his house with his son, Valles, and Yanez.  A few weeks before the shooting, defendant shredded some papers that he said contained a hit list.  After the shooting, defendant drove his truck to pick up his son, Valles, and Yanez.  Defendant lied to police about the shooting, and he texted his son that he was in trouble because the police did not believe him.  Under the circumstances, the evidence was sufficient that defendant intended to aid and abet his son and Valles and that defendant had knowledge of their intent to kill.

We also reversed the gang enhancements, reversed the vicarious firearm enhancements under section 12022.53, subdivision (e), vacated the sentence, and remanded the matter so that the trial court could consider whether to strike the firearm enhancements.  We otherwise affirmed the judgment.

2.  Petition

In April 2021, defendant filed a petition under section 1172.6.  Attached to his petition was a copy of this court's prior opinion and an excerpt from the trial transcript that only included the jury instructions.  Defendant also submitted a brief that quoted the summary of facts in the prior opinion, summarized defendant's trial testimony, quoted relevant trial jury instructions, and summarized the parties' closing arguments during trial, including the prosecutor's reliance on the natural and probable consequences theory.

The prosecution filed a reply brief, which similarly included a summary of the facts based on the prior appellate decision.  The prosecution asked the trial court to take judicial notice of the reporter's transcript, clerk's transcript on appeal, and "any other records in Petitioner's case."  According to the prosecution, defendant was ineligible for relief because he aided and abetted the actual killer with intent to kill and he was a major participant in the underlying felonies and acted with reckless indifference to human life.  Like defendant, the prosecution also attached a copy of this court's prior opinion.

The trial court determined that defendant had made a prima facie showing and issued an order to show cause.  During the July 2022 evidentiary hearing, the court asked the prosecution whether it wanted to present additional evidence, and the prosecutor responded, "No."  The court asked whether both sides would stipulate to the court taking judicial notice of "its own file," the trial transcript, and this court's prior decision, "including the statement of facts."  Even though the Legislature had made clear by July 2022 that trial courts were not permitted to rely on statements of facts from appellate opinions during evidentiary hearings (§ 1172.6, subd. (d)(3); *People v. Clements* (2022) 75 Cal.App.5th 276, 292 (*Clements*)), defense counsel responded, "I stipulate that the code section allows the Court to do that.  [¶]  I do have comments about the evidence."  The court responded it "[u]nderstood," and the prosecutor said she would stipulate.  The court then asked whether defense counsel wished to introduce additional evidence, and she responded no.

4

After hearing argument from counsel, including argument from defense counsel that the court could not rely on the original conviction for conspiracy to commit murder because of changes in gang law, the court stated that it had reviewed the "court file" and was going to "take judicial notice of the things I indicated earlier." The court noted conspiracy to commit murder "does not apply to [a section 1172.6]," since it was not a listed offense. Moreover, the jury had been correctly instructed regarding the elements of conspiracy to commit murder. As such, the court declined to resentence on this conviction.

Moving on to the other convictions, the court noted that defendant had leased the vehicle involved, provided the firearms, and sent text messages regarding "locations." After the shooting, defendant arrived at the scene and lied to police and then texted his son that he was in trouble. In addition, the trial court found ample evidence established defendant was a direct aider and abettor, including the statement in this court's prior opinion that, "[Defendant] argues the evidence of his intent to kill was insufficient to convict him of attempted murder as an aider and abettor. [The Court of Appeal] concluded there is sufficient evidence [defendant] aided his co-defendants' commission of murder knowing of their intent to kill." As such, reasoned the trial court, "[T]he appellate court made a finding that [defendant] had intent to kill. That he was an aider and abettor specifically with the intent to kill."

With respect to the argument regarding natural and probable consequences, the trial court noted that the jury had been instructed regarding natural and probable consequences as applied to murder. But, the instruction had not been given regarding attempted murder. And, the prosecutor did not argue during trial that defendant was guilty of attempted murder based on the natural and probable consequences theory. As such, the trial court found "that the People have proven beyond a reasonable doubt that [defendant], with intent to kill, aided and abet[ted], either through aiding and abetting, consulting, inducing, soliciting, requesting, or assisting in the commission of murder and

5

attempted murder, the Court's going to find by the evidence presented at this hearing, which includes the Court's judicial notice of the items I previously mentioned, that there has been proof beyond a reasonable doubt. The petition for resentencing will be denied."

The trial court proceeded to resentence defendant to state prison for an aggregate term of 32 years to life, as follows: 25 years to life for conspiracy to commit murder (§§ 182/187); 15 years to life for second degree murder (§ 187), stayed pursuant to section 654; 7 years consecutive for attempted murder (§§ 664/187); 5 years for violating section 21600, subdivision (c), stayed pursuant to section 654. The court struck the remaining convictions.

## DISCUSSION

Defendant contends the trial court erroneously denied his petition based on the factual summary in this court's prior decision. Defendant further argues the trial court applied a substantial evidence standard rather than a beyond a reasonable doubt standard, there was insufficient evidence to support his attempted murder conviction, and the trial court erred in refusing to consider his challenge to his conspiracy to commit murder conviction. The People argue there was sufficient evidence to support the trial court's decision. We agree with defendant's first contention and decline to reach his additional arguments.

As the court explained in *Clements*, effective January 1, 2022, the Legislature made clear that "trial judges should not rely on the factual summaries contained in prior appellate decisions when a [section 1172.6] petition reaches the stage of a full-fledged evidentiary hearing." (*Clements, supra*, 75 Cal.App.5th at p. 292.)

Although the *Clements* court concluded the defendant in that case had failed to identify where the trial court relied on the prior appellate decision, here the trial court relied almost exclusively on this court's prior decision for its understanding of the facts. Unlike *Clements*, the parties here introduced the prior opinion for the facts supporting defendant's underlying convictions. Defendant, who submitted his brief before the

6

changes to section 1172.6 clarifying that the trial court could not rely on the appellate court decision for the facts, only supported his petition with a copy of this court's prior decision, the jury instructions, a summary of defendant's trial testimony, and a summary of the parties' closing arguments during trial. While the trial court asked the parties to stipulate to the recitation of facts in the prior opinion, defense counsel only said she would stipulate that the statute permitted the trial court to rely on such evidence. Given that the statute at that point did not permit the trial court to rely on statements of facts in appellate opinions, we decline to interpret defense counsel's statement during the evidentiary hearing as a stipulation to the facts as stated in this court's prior decision.

Moreover, the record indicates that the trial court relied almost exclusively on this court's recitation of the facts in denying defendant's petition for recall and resentencing. In their briefing, both parties relied on the prior opinion when summarizing the facts of the underlying crimes. While the trial court stated it was taking judicial notice of its record, there is no indication in the record before us that the trial court had evidence beyond that offered in the prior opinion and the limited excerpts and descriptions of the trial transcript offered by the parties, including the jury instructions, a summary of defendant's trial testimony, and a summary of the parties' closing arguments. Both parties made clear during the evidentiary hearing that they were not introducing additional evidence. Discerning whether the trial court relied on evidence beyond that provided by the parties is made even more difficult here because the record on appeal does not include a copy of the original trial transcript.

Under the circumstances, we must conclude that the trial court relied exclusively on the recitation of facts in this court's prior decision. Given that the Legislature has made clear that this is not permitted, we must conclude that the trial court erred. (§ 1172.6, subd. (d)(3).)

Given our conclusions, we need not reach defendant's additional arguments.

7

## DISPOSITION

The trial court's orders are reversed.  The matter is remanded for proceedings consistent with this opinion.

/s/_____
Ashworth, J.*

We concur:

/s/_____
Hull, Acting P. J.

/s/_____
Renner, J.

---

*     Judge of the El Dorado County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.